RECEIVED
USDC CLERK, COLUMBIA, SC

2012 JAN -3 PM 12:07

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

**CIVIL ACTION NO** _____

WILLIAM R HAMILTON

Plaintiff,

v.

PATELCO CREDIT UNION

Defendant.

December 26, 2011

Filed By:

William R Hamilton, pro se
2310 Beaver Creek Lane
Aiken, SC 29803

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, COLUMBIA, SC

2012 JAN -3 PM 12: 07

WILLIAM R. HAMILTON

    Plaintiff,

v.

PATELCO CREDIT UNION

    Defendant.          /

Case No: _____

Civil Action

## COMPLAINT FOR NEGLIGENCE

COMES NOW, Plaintiff, William R Hamilton, and respectfully requests that this Honorable Court review and consider this Complaint for Negligence, and find in favor of the Plaintiff in this Civil Action, and as grounds therefore would state the following:

### Statement of Jurisdiction

Plaintiff, William R Hamilton, is a citizen of the Great State of South Carolina. The Defendant, Patelco Credit Union, is a corporation with a principal place of business in California. The amount in controversy, without interest and cost, exceeds the sum or value specified by 28 U.S.C.S. §1332.

### Statement of Facts in Support of Claim

1. At all times material to this claim, the Defendant, Patelco Credit Union, falls within the definition of a furnisher of information, and a person, as used under the FCRA (15 USC §1681(a)(b), 15 USC §1681s-2.

2. On October 6, 2009, Plaintiff applied for a checking and savings account with Patelco Credit Union via their corporate website, located at http://www.patelco.org (Exhibit A.)

3. On October 6, 2009, after completion of the online application, the Plaintiff was directed to an online response page indicating that the application was under review, pending verification of the supplied information.

4. On October 7, 2009, the Plaintiff was notified via an email response that the application for an account with Patelco CU had been denied. No further information was given, and the Plaintiff gave this email no further consideration.

5. On November 2, 2011, the Plaintiff obtained a copy of his consumer report from ChexSystems, a consumer reporting agency as defined by 15 USC §1681(a)(f). (Exhibit B.)

6. The Plaintiff then discovered that Patelco Credit Union had reported adverse information about him to ChexSystems regarding an account that had "supposedly" been declined. The information reported appeared as follows:

```
Source Of Information : PATELCO CREDIT UNION
                       5050 HOPYARD ROAD
                       PLEASANTON, CA 94588
                       925.468.6358
Reported Name : WILLIAM R HAMILTON
Reported Address : 668 N ORANGE AVE
                   ORLANDO, FL 32801-1378
Reported SSN/ID : XXX-XX-6286
Drivers License Number : XXXXXXXXX2950
State of Issuance : FL
RTN : 321076470   Account : XXXXXXXXXX9700
Date Reported : 10/09/2009
Reported For : POSSIBLE FALSE INFORMATION USED IN OPENING ACCOUNT
Original Charge Off Amount : $.01
Closure Status : NOT REPORTED
```

7. At all times material to this claim, the Plaintiff was lead to believe that the aforementioned account application had been declined, and no actual account existed at Patelco Credit Union.

8. On November 14, 2011, the Plaintiff sent a letter to Patelco Credit Union disputing this reported information, explaining that the information supplied by the Plaintiff during the account application process was in fact truthful and accurate, further verifying the accuracy of the information, and offering to supplant this with supporting documentation. An additional letter was sent on December 13, 2011 again asking for clarification on this issue (Exhibit C.)

9. On December 9, 2011, the Plaintiff received a response from the Defendant indicating several things (Exhibit D.) 1) Patelco indicates that the application was in fact denied. This is in direct contravention to the report supplied to ChexSystems indicating that an account ending in 9700, with a routing number 321076470 (which is assigned to Patelco.) was opened 2) Patelco indicates that since no account existed, there was no charge-off. This is also in contravention to the reported information indicating a charge off amount of $.01. The Defendant then goes on to explain that over the course of 5 years, approximately 20 applications for an account had been submitted via the website, and that some of the information on the applications was the same, and some different, and that after "a detailed analysis and review of these applications" they are under the assumption that the same person was submitting these applications. To this I will clarify that from my knowledge, both myself and my father, both named William Hamilton, have applied for accounts with Patelco. In so much as these other purported applications relate, I can not speak to them as this was the first time I was made aware of this situation. Regardless, this is immaterial to the issue at hand, which is that the application submitted on October 6, 2009,

and the subsequent account established (without my knowledge), and the subsequent negative information reported to ChexSystems on October 9, 2011 violates my rights. If Patelco Credit Union felt as though someone was engaging in criminal activity, then they have a fiduciary duty to report this activity to law enforcement, whom will then conduct a full investigation, not to abuse it's power as a furnisher of credit information to submit false reports to a credit reporting agency.  This is tantamount to a person being charged with a crime, then ajudicated guilty without knowledge of the charges or related proceedings, then being ordered to serve a term of imprisonment.  Lastly, Patelco's subsequent failure to notify ChexSystems after receiving notice of the Plaintiff's dispute is in violation of 15 USC §1681 s-2(b)(E) Gorman v. Wolpoff & Abramson, LLP, 2009 (CA9 Cal) 584.

10. By engaging in this deceptive, willfully malicious, and reckless behavior, it is apparent that the Defendant engaged in willful and negligent non-compliance as defined by 15 USC §1681(n) and (o), respectively, by reporting to ChexSystems that 1) Plaintiff established an account with Patelco, 2) Plaintiff supplied false information to Patelco during the account opening process, 3) by failing to update the report to ChexSystems to truthfully reflect that Patelco opened an account in the Plaintiff's name without his knowledge, then closed it due to the fact that it chose not to engage in a business relatiosnhip with the Plaintiff, then establishing a negative account balance in the Plaintiff's name in order to report the account "closed for cause", as required by 15 USC 1681 s-2(b)(E)(i), all of which was done through no fault of the Plaintiff, since no false information was used to apply for an account.  Lastly, as summarized in the previous point, Patelco's failure to report the dispute is in violation of 15 USC §1681 s-2(b)(E).

11. Furthermore, it is apparent that Patelco failed to engage in due dilligence in verifying the personal information provided by the Plaintiff by failing to utilize various 3rd party services, such as DAVID, ChexSystems, Experian, etc; nor asking the Plaintiff to submit documentation establishing identity, as is common practice in today's banking sector.

Conclusion

By engaging in this behavior, which is in direct violation of 12 CFR 222.1, 16 CFR 660.1, and 15 USC 1681 s-2(b), as well as reckless disregard of statutory duty, Safeco v. Burr 2007, 551 US 47, 127 S Ct 2201, Patelco acted with conscious disregard for the Plaintiff's rights.  15 USC §1681 s-2(b) clearly establishes the things that a furnisher of information must do when it receives report that it has supplied incorrect or erroneous information about consumers to credit reporting agencies Thomas v. Gulf Coast Credit Services (2002 MD Ala) 214 F. Supp 2d 1228, Calloway v. Green Tree Servicing LLC (2009 DC Del) 607 F. Supp 2d 669.

15 USC §1681 s-2(b) creates a cause of action for the consumer against a furnisher of information, and 15 USC §1681 (n) and (o) permit suit against such furnisher who violates duties imposed under §1681 s-2. <u>Nelson v. Chase Manhatan Mtg Group</u> 2002 CA9 Nev, 282 F. 3d 1057, <u>Sheffer v. Experian Info Solutions</u> 2003, ED Pa 249 F Supp 2d 560.

As a result of this behavior by the Defendant, the Plaintiff suffered damages including but not limited to the inability to open accounts with other financial institutions, mental pain, anxiety, depravation of business relationships, humiliation, and other rights and priveleges enjoyed by persons of which no negative report exsists, as well as other remedies and punitive damages offered by the FCRA.

WHEREFORE, for the reasons stated within, the Plaintiff, William Richard Hamilton, respectfully requests judgement in favor of the Plaintiff, seeking injunctive relief from Patelco reporting this information to ChexSystems, as well as punitive damages and costs in the amount of $175,000 or any other amount or remedy that this Honorable Court deems appropriate, commensurate to the damages inflicted.

Respectfully Submitted,
/s/ *(signature)*

William R Hamilton, pro se
2310 Beaver Creek Lane
Aiken, SC 29803

UNNOTARIZED OATH PURSUANT TO 28 U.S.C.S. §1746

I certify under penalty of perjury that the foregoing is true and correct.  Executed on December 26, 2011.

/s/ [signature]
William R Hamilton, pro se
27591-018


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via US Mail to Patelco Credit Union, 5050 Hopyard Rd., Pleasanton, CA 94588, and to the Clerk of the US Court, District of South Carolina on this 27th day of Dec, 2011.

/s/ [signature]
William Richard Hamilton, pro se
27591-018

William R Hamilton
2310 Beaver Creek Lane
Aiken, SC 29803

RECEIVED
USDC CLERK, COLUMBIA, SC

2012 JAN -3  PM 12: 07

US Clerk of Court
District of South Carolina
Civil Division
901 Richland St
Columbia, SC 29201

December 26, 2011

Subject: Civil Filing

To whom it may concern:

    I would like to submit the enclosed motion and accompanying documents for filing with the Court. I believe that I have completed all the required documents in addition to the initial complaint, but if there is anything missing, please let me know so that I can timely submit whatever is required. Please direct all correspondance to the above address.

    Thank you very much in advance for your assistance with this matter. Your time and cooperation are greatly appreciated!

Respectfully,
/s/
William R Hamilton, pro se
2310 Beaver Creek Lane
Aiken, SC 29803