IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| William R. Hamilton, | ) | C/A No.: 1:12-22-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Patelco Credit Union, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion of plaintiff William R. Hamilton ("Plaintiff"), made pursuant to 28 U.S.C. § 1631, to transfer venue to the United States District Court for the Northern District of California [Entry #29]. In its response [Entry #30], defendant Patelco Credit Union ("Defendant") consents to transfer of this matter to the Northern District of California.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion for transfer of venue is arguably dispositive,[1] this report and recommendation is entered for the district judge's consideration.

---

[1] A motion to transfer venue does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A). This omission has led to a split of opinion as to whether a Magistrate Judge has the authority to order a transfer of venue to another district. Within the District of South Carolina, there are cases in which the Magistrate Judge has ordered the transfer of venue (*e.g., Feralloy Corp. v. Spig Industry, Inc.,* C/A No. 2:09-3028-RMG-BM, 2010 WL 3432283 (D.S.C. 2010); and *Realson v. University Medical Pharmaceuticals Corp.*, C/A No. 4:09-3277-TLW-TER, 2010 WL 1838911 (D.S.C. 2010)), and other cases in which the Magistrate Judge has prepared a Report and Recommendation on the motion to transfer venue (*e.g., Massi v. Lomonaco*, C/A No.

Based on Defendant's consent to the transfer of this case to the Northern District of California, the undersigned recommends the district court grant the motion to transfer venue [Entry #29]. The undersigned further recommends that Defendant's motion to dismiss [Entry #24] be left pending for ruling by the transferee court.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 20, 2012　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

0:10-265-CMC-PJG, 2010 WL 2429234 (D.S.C. 2010); *Hayes v. Paschall Truck Lines, Inc.,* C/A No. 3:09-1869-JFA-JRM, 2010 WL 2757227 (D.S.C. 2010); and *Thomas v. Lockheed Martin Corp.*, C/A No. 6:06-1342-HMH-BHH, 2006 WL 2864423 (D.S.C. 2006)).

　　If the motion to transfer venue is considered nondispositive, the more deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's transfer order. If the motion is considered dispositive, the Magistrate Judge should enter a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a de novo standard of review under Fed. R. Civ. P. 72.

　　In the absence of governing Fourth Circuit precedent, the undersigned elects to submit, pursuant to 28 U.S.C. § 636(b)(1)(B), a Report and Recommendation subject to de novo review rather than a final order on the motion. This approach preserves the prerogative of the parties to argue and the presiding District Judge to determine whether to review the undersigned's opinion under a de novo or clearly erroneous standard of review.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).